IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARCO RAMIRO GODOY TACURI          :          CIVIL ACTION
                                   :
              v.                   :
                                   :
J.L. JAMISON, et al.               :          NO. 26-4512

ORDER

AND NOW, this 8th day of July 2026, based on the undisputed facts and for the reasons stated in Coelho Lopes v. Jamison, No. 26-234, 2026 WL 299991 (E.D. Pa. Feb. 4, 2026), Cunha v. Freden, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026), Hernandez Alvarez v. Warden of the Fed. Det. Ctr. Mia., No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026), and Lopez-Campos v. Raycraft, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026),[1] it is hereby ORDERED that:

---

[1]     Respondents continue to cite Buenrostro-Mendez v. Bondi, No. 25-20496, 166 F.4th 494 (5th Cir. Feb. 6, 2026), and Avila v. Bondi, No. 25-3248, 170 F.4th 1128 (8th Cir. Mar. 25, 2026). This court, as noted previously, respectfully disagrees with the holdings in both decisions.

Respondents now also cite the Supreme Court's recent decisions of Blanche v. Lau, No. 25-429, 609 U.S. ___, 2026 WL 1791339 (June 23, 2026), and Mullin v. Al Otro Lado, No. 25-5, 609 U.S.___, 2026 WL 1825741 (June 25, 2026).  Neither is on point.  Neither case discusses the relationship between 8 U.S.C. § 1225 and 8 U.S.C. § 1226.  Lau deals with a lawful permanent resident who, after being charged with a crime and temporarily leaving the country, tried to re-enter and was not deemed already admitted.  Al Otro Lado held that an alien on the Mexican side of the United States-Mexico border does not "arrive" in the United States until he crosses the border.

(1)   the Petition for Writ of Habeas Corpus by Marco Ramiro Godoy Tacuri is GRANTED;

(2)   Marco Ramiro Godoy Tacuri is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

(3)   The Government shall RELEASE Marco Ramiro Godoy Tacuri from custody immediately and shall certify compliance with this Order by filing said certification on the docket no later than 2:00 P.M. EST on July 9, 2026;

(4)   Upon his release, the Government is required to return any personal property of Marco Ramiro Godoy Tacuri, including his identification documents, and any other belonging that he had on his possession when detained;

(5)   The Government is temporarily enjoined from re-detaining Marco Ramiro Godoy Tacuri for seven days following his release from custody;

(6)   If the Government chooses to pursue re-detention of Marco Ramiro Godoy Tacuri after that seven-day period, it must first provide him with a bond hearing under 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

(7)   Pending the ordered bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Marco Ramiro Godoy Tacuri from the Eastern District of Pennsylvania before the ordered bond hearing.  If the immigration judge determines that Marco Ramiro Godoy Tacuri is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from the undersigned to move Marco Ramiro Godoy Tacuri if unforeseen or emergency circumstances arise that require him to be removed from the District.  Any such request must include an explanation for the request as well as a proposed destination.  The Court will then determine whether to grant the request and to permit his transfer; and

(8) The clerk of Court shall mark this case CLOSED.


BY THE COURT:


/s/   Harvey Bartle III
                                              J.

3